IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUTH C. HERBEL, et al.,

    Plaintiffs,

    v.

MARION, KANSAS, CITY OF, et al.,

    Defendants.

Case No. 2:24-cv-02224-HLT-GEB

## MEMORANDUM AND ORDER

Plaintiffs Ruth and Ronald Herbel sued a number of city and county officials in Marion, Kansas, based on a search of their home and seizure of Ruth's phone and laptop. The dispute arose in the context of a controversial investigation involving city and county officials into a local newspaper, its staff, and Ruth. That investigation has since itself become the focus of an investigation by outside officials.

After Plaintiffs filed their complaint, the two groups of defendants—City and County—moved to dismiss, primarily challenging the plausibility of the claims, all of which alleged constitutional violations under 42 U.S.C. § 1983. The Court took up those motions after they were fully briefed and issued a 54-page Memorandum and Order that allowed some claims to proceed but dismissed other claims and parties with prejudice. Doc. 50.

Plaintiffs now move for reconsideration of that order and for leave to file an amended complaint that adds back in nearly all the dismissed claims and parties. Doc. 51. They contend that they have received new evidence from the outside investigators and that the Court should reconsider dismissal with prejudice based on this new evidence and allow them to amend their complaint to replead the dismissed claims. The Court denies the motion because Plaintiffs have not met their burden to show that reconsideration is warranted.

I.   BACKGROUND

This case arises out of the execution of search warrants against some individuals and a local newspaper in Marion, Kansas. The searches have garnered public attention. The propriety and legality of the searches have since been investigated by the Kansas Bureau of Investigation and the Colorado Bureau of Investigation.

Plaintiffs Ruth and Ronald Herbel were the targets of one of the search warrants, which led to seizure of Ruth's phone and laptop. Plaintiffs sued the City of Marion, its former police Chief Gideon Cody, Officer Zach Hudlin, and former mayor David Mayfield, as well as the Marion County Board of County Commissioners, Marion County Sheriff Jeff Soyez, and Sheriff's Detective Aaron Christner. The underlying factual allegations of the case are detailed in the Court's order and are incorporated but not repeated here. *See* Doc. 50 at 2-17.

Plaintiffs filed this lawsuit against Defendants on May 28, 2024. They asserted five claims, including retaliatory search and seizure in violation of the First Amendment, unreasonable search and seizure in violation of the Fourth Amendment, and conspiracy. Defendants moved to dismiss in July 2024. The motion filed by County Defendants was fully briefed August 13, 2024. The motion filed by City Defendants was fully briefed August 27, 2024. Plaintiffs did not amend their complaint as of right, nor did they file a motion for leave to amend or to stay ruling on the motions to dismiss at any point while the motions to dismiss were pending.

The Court ruled on the motions on October 4, 2024. The Court dismissed the First Amendment retaliation claim against everyone but Cody. It dismissed the Fourth Amendment claim against Mayfield and Soyez, but allowed certain theories against Christner, Hudlin,[1] and

---

[1] Rulings against Steve Janzen were similar to those against Christner and Hudlin. But Plaintiffs have since dismissed Janzen from the case. Doc. 69.

2

Cody to go forward. The County, Soyez, and Mayfield were dismissed altogether, as was a conspiracy claim. The municipal liability claims against the City survived. *See id.* at 53.

Plaintiffs filed the instant motion a little over two months after the Court ruled on the motions to dismiss. Plaintiffs ask the Court to reconsider the dismissal order and to grant leave to amend their complaint. Doc. 51. In their motion, Plaintiffs state that, on October 17, 2024, the outside investigators looking into the raids "began producing portions of their 50,000-page investigative record to the parties in the five related civil cases."[2] *Id.* at 2. Plaintiffs received the final batch of these records on November 15, 2024. *Id.* at 2-3. Plaintiffs filed the instant motion on December 13, 2024.

## II.    STANDARD

Federal Rule of Civil Procedure 54(b) states that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." A court may treat an order that disposes of some but not all claims as a motion under Rule 54(b). *See Sperry v. Roberts*, 2021 WL 3668387, at *2 (D. Kan. 2021) ("The Court may treat the motion as a motion for reconsideration based on the Court's inherent power to review its interlocutory orders."); *see also Blake v. JPay, LLC*, 2022 WL 2304008, at *2 (D. Kan. 2022) (explaining that an order that disposes of some but not all claims "is more properly construed as a motion for reconsideration under Rule 54(b)").

The standard used for reconsideration under Rule 54(b) is generally the same as under other rules providing for reconsideration of final orders. *See Ankeney v. Zavaras*, 524 F. App'x 454, 458

---

[2] There are several other civil actions by other parties arising out of these raids. This order only pertains to the above-captioned case.

(10th Cir. 2013) ("For guidance, the court may look to the standard used to review a motion made pursuant to Federal Rule of Civil Procedure 59(e)."); *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006).[3] Grounds for granting reconsideration, regardless of the rule at issue, generally include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Ankeney*, 524 F. App'x at 458 (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A party seeking reconsideration based on newly discovered evidence must demonstrate diligence in discovering the new evidence. *See Glenn v. Moss*, 760 F. App'x 589, 594 (10th Cir. 2019). Additionally, "newly discovered evidence must be of such a nature as would probably produce a different result." *F.D.I.C. v. Arciero*, 741 F.3d 1111, 1117 (10th Cir. 2013) (internal quotation and citation omitted).[4]

A motion for reconsideration is not an opportunity to raise arguments that could have been raised before or to rehash arguments that were previously considered and rejected. *Pound v. Airosol Co.*, 368 F. Supp. 2d 1158, 1159 (D. Kan. 2004). Whether to grant reconsideration is within the district court's discretion. *Ankeney*, 524 F. App'x at 458.

## III. ANALYSIS

The Court issued its 54-page Memorandum and Order on October 4, 2024. It provided detailed substantive analysis as to the claims and parties. The Court dismissed some of the claims and parties with prejudice and specifically explained why it did so:

---

[3] Defendants suggest Plaintiffs' motion is untimely because it was not brought within 14 days of the Court's order as provided for in D. Kan. Rule 7.3, which addresses motions to reconsider non-dispositive rulings. Although the Court has concerns about the timing of Plaintiffs' motion, which are discussed in the body of this order, the Court does not find that the 14-day deadline in D. Kan. Rule 7.3 is grounds to deny Plaintiffs' motion under the circumstances of this case, especially in light of Rule 54(b), which permits the Court to revise its orders "at any time before the entry of a judgment."

[4] *Glenn* and *Arciero* were discussing motions for reconsideration under Rule 59(e) and Rule 60(b)(2). But as explained, the same standards generally apply to motions under Rule 54(b).

> Dismissal is with prejudice. This is generally proper under Rule 12(b)(6) particularly given the failure to amend as of right or to seek leave to amend consistent with the federal and local rules while the motion was pending. Fed. R. Civ. P. 15; D. Kan. Rule 15.1; *see also Rollins v. Wackenhut Servs., Inc.*, 703 F.3d 122, 132-33 (D.C. Cir. 2012) (Kavanaugh, J., concurring) (explaining that dismissal under Rule 12(b)(6) is generally with prejudice unless stated otherwise and that opportunities to amend under Rule 15 in response to motions to dismiss provide a fair opportunity for a plaintiff to avoid such a result). This approach also promotes efficiency and prevents parties from taking a "wait-and-see" approach to see what can get by before making fulsome efforts to address the challenged issues.

Doc. 50 at 53 n.33.

Plaintiffs seek reconsideration of this ruling so that they can file an amended complaint that re-pleads most of the dismissed claims.[5] *See* Doc. 51 at 3. The initial issue therefore is whether the Court should reconsider its order dismissing certain claims with prejudice. Plaintiffs contend reconsideration is warranted based on the discovery of new evidence. This new evidence is a portion of the investigative record by outside investigators. *See* Doc. 53. Plaintiffs indicate that they did not start receiving the 50,000 pages from the outside investigation until October 17, 2024, which was about two weeks after the Court ruled on the motions to dismiss.

### A.     Plaintiffs were aware of the new evidence before the Court ruled on the motions to dismiss.

Defendants note that Plaintiffs first became aware that these materials would be available as early as August 15, 2024. Doc. 61-2 at 1. This is significant because that is about two months <u>before</u> the Court ruled on the motions to dismiss. *See City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. CVS Health Corp.*, 46 F.4th 22, 36 (1st Cir. 2022) ("So, we focus on what

---

[5]   Plaintiffs do not seek to re-plead claims against Janzen or the Fourth Amendment oath-or-affirmation theory. Doc. 51 at 4 n.3.

plaintiffs knew or reasonably could have learned <u>before</u> the district court entered its order of dismissal." (internal quotation and citation omitted)).

They apparently did not receive any materials until October and November. Plaintiffs offer no meaningful explanation as to the delay between August and October, other than a brief reference to the time it took outside investigators to review and produce the materials. Nor do they identify any efforts they made to obtain the materials more quickly. "A party asking a court to reconsider its judgment on this basis must show that it could not in the exercise of reasonable diligence have obtained the new evidence earlier." *Id.* (cleaned up; citation omitted); *see also Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1524 (10th Cir. 1992) ("They have not demonstrated that the evidence was newly discovered or unavailable in a more timely fashion through the exercise of diligence.").

In sum, Plaintiffs were aware of the evidence before the Court ruled on the motions to dismiss. They have not adequately explained why they did not receive it until after the ruling, and they have not shown they acted with diligence in trying to obtain it sooner.[6]

### B.   Plaintiffs have not shown that they otherwise acted with due diligence.

Even if there was some valid reason why Plaintiffs did not begin receiving the records until October, the Court finds Plaintiffs have still failed to act with due diligence. By August 15, 2024, Plaintiffs were, at the very least, aware that a significant source of evidence was going to be made available to them. At that point, Defendants had filed motions to dismiss challenging the plausibility of Plaintiffs' claims. The County Defendants' motion to dismiss was barely ripe (two days), and the City Defendants' reply brief had not been filed. Yet, despite knowing that

---

[6] To be clear, the Court does not find it necessarily problematic that the plaintiffs in the various civil lawsuits agreed to have these documents distributed by counsel for the paper. *See* Doc. 61-2 at 1. Nor does the Court make any finding about the related KORA requests and litigation. It is the overall unexplained delay between August and October that is the issue, as well as the other lack of diligence discussed throughout.

Defendants were challenging the plausibility of the allegations, and despite knowing that a significant source of information was incoming, Plaintiffs took no action to forestall a ruling on the motions to dismiss.

Specifically, Plaintiffs did not seek leave to amend as of right when the motions to dismiss were filed. *See* Fed. R. Civ. P. 15(a)(1). Even after the time to amend as of right passed, they did not seek leave to amend when they learned new evidence was coming. *City of Miami*, 46 F.4th at 35-36 ("In short, when plaintiffs received the motion to dismiss spelling out what defendants claimed to be gaps in the amended complaint, plaintiffs could have sought leave to amend their pleading yet again. Whether the court would have allowed the motion, we do not know, because plaintiffs never filed it."). Nor did they notify the Court that a large influx of evidence was on its way and the motions to dismiss should be stayed. *See id.* at 37 ("Of course, plaintiffs in suits of this type may have good grounds for seeking a reasonable period of time within which to gather and synthesize newly available information. But in that event, they should notify the court of their supplemental investigation so that the court can consider delaying its ruling in anticipation of the filing of an amended complaint."); *see also Horocofsky v. City of Lawrence, Kan.*, 2022 WL 2802316, at *3 (D. Kan. 2022) ("The highly-detailed allegations in that complaint were the subject of substantial analysis and attention in the extensive briefing of the parties addressing the motions to dismiss. . . . Throughout this entire process, Plaintiff made no suggestion that any specific amendment was warranted."). These were all options Plaintiffs had. Plaintiffs instead opted to stand on their current pleadings.[7]

---

[7] In the last line of their response briefs to the motions to dismiss, Plaintiffs reiterated that they have "stated several claims for relief" but if "this Court concludes that any allegations are inadequate, Plaintiffs ask that those claims be dismissed without prejudice and with leave to amend once Plaintiffs further develop their factual record as the case progresses." Doc. 40 at 20; *see also* Doc. 43 at 31. To the extent this could even be construed as a request for leave to amend, such a bare-bones request is insufficient. *See Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 706 (10th Cir. 2014). It also fails to comply with the local rule for seeking amendment. *See* D. Kan. Rule 15.1. Essentially, it is of "no legal significance" and does not impact the outcome of the motion for

That, of course, was their right. Plaintiffs may have felt confident that their original pleading was sufficient. But the Court disagreed and dismissed several of the claims. That ruling was not meant to be a dress rehearsal. *See Horocofsky*, 2022 WL 2802316, at *4 ("Prejudice exists as well as delay, as Defendants committed to extensively briefing their motions to dismiss, an effort wasted if Plaintiff simply alters her complaint in response to the Order of the Court."); *see also Santoro v. Tower Health*, 2024 WL 4771398, at *5 (E.D. Pa. 2024) ("Like other district courts, we decline to grant a motion for reconsideration where the party purposefully waits for a court's ruling to correct discernable errors.").

Nor does the fact that Plaintiffs have subsequently discovered new evidence automatically warrant a do-over. *Santoro*, 2024 WL 4771398, at *3 ("We agree with courts in this district that reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." (internal quotation and citation omitted)). New evidence in the form of discovery almost always follows a motion to dismiss. Plaintiffs are not necessarily entitled to revisit dismissed claims just because new evidence appears. *See In re Bisys Sec. Litig.*, 496 F. Supp. 2d 384, 387 (S.D.N.Y. 2007) ("Having precipitously tried to pluck the fruit from the tree of knowledge when it was not yet ripe, they are in no position to now demand a second bite at the apple.").

### C. Plaintiffs have not shown that the new evidence changes the rulings in the order on the motions to dismiss.

Plaintiffs have not demonstrated that the new evidence would lead to a different outcome on the motions to dismiss. *See Arciero*, 741 F.3d at 1117 (noting that newly discovered evidence

---

reconsideration. *City of Miami*, 46 F.4th at 36-37 ("As we have previously noted, allowing plaintiffs to hedge their bets by adding a cursory contingent request in an opposition to a motion to dismiss would encourage plaintiffs to test the mettle of successive complaints and freely amend under Rule 15(a) if their original strategic choices prove inadvisable." (internal quotation and citation omitted)).

8

in the context of a Rule 59 motion "must be of such a nature as would probably produce a different result" (internal quotation and citation omitted)). Plaintiffs' motion is primarily just a list of facts culled from the outside-investigation record. There is no meaningful discussion as to how or why those facts would change the analysis in the Court's order. It is not even entirely clear what claims Plaintiffs seek to add back in.[8] This was Plaintiffs' burden to show, and they have not met that burden.

Having reviewed the cited evidence, the Court finds much of it is cumulative of the allegations that were deemed insufficient.[9] *See, e.g.*, Doc. 51 at 13-14 (arguing that Defendants' animosity to the paper demonstrates retaliatory animus towards Ruth); *id.* at 5-9 (arguing that Soyez and Mayfield supported the investigation but not explaining how this impacts the Court's ruling that neither were involved in drafting, obtaining, or executing the search warrants);[10] *id.* at 9-13 (failing to identify what false statements Christner or Hudlin made in the warrants in this case). Other arguments just suggest the Court got it wrong and should reconsider its decision. *See, e.g.*, *id.* at 14-15 (arguing that the Court should reconsider its ruling granting Christner and Hudlin qualified immunity because officers in the outside investigation disagreed that it was reasonable to rely on the warrants); *id.* at 15 (conclusory statement that conspiracy is shown). Rehashing rejected arguments is not proper in a motion for reconsideration. *Pound*, 368 F. Supp. 2d at 1159.

---

[8] Plaintiffs did file a proposed amended complaint with changes tracked. Doc. 51-2. But some of the claims that appear to have been added back into the proposed amended complaint are not discussed anywhere in the motion to reconsider. *Compare id.* at 79-80 *with* Doc. 51.

[9] The Court has carefully considered the new evidence cited against the exhibit filed by Plaintiffs. *See* Doc. 53. The Court shares Defendants' concern that the characterization of this evidence sometimes "nudges perilously close to mischaracterization." *See* Doc. 61 at 1.

[10] The allegations against the County were primarily linked to Soyez's conduct. Plaintiffs included some new allegations about municipal liability based on the failure to train. Doc. 51 at 7. But that evidence does not plausibly allege a failure to train.

In sum, Plaintiffs have not demonstrated that the Court should reconsider its ruling on the motion to dismiss. Because reconsideration is not warranted, the Court does not need to consider whether leave to amend should be granted. *Horocofsky*, 2022 WL 2802316, at *2 ("As set forth previously, Plaintiff's request for reconsideration lacks merit, and denial of the request to amend as to the University is warranted on that basis alone.").

## IV.  CONCLUSION

The Court appreciates the somewhat complex circumstances of this dispute. But those complexities don't warrant relaxed procedure in this litigation. Plaintiffs decided when to file their complaint. The complaint was lengthy, at 88 pages and 577 paragraphs. The motions to dismiss were thorough. Plaintiffs decided to press forward with the motions to dismiss despite learning about the investigative file. Plaintiffs decided against notifying the Court or seeking a stay of the ruling. Plaintiffs might now regret some or all these decisions. But regret about strategic decisions does not warrant reconsideration. Procedure matters. And the Court is disinclined to adopt a procedure that would encourage plaintiffs to test the mettle of successive complaints.

THE COURT THEREFORE ORDERS that Plaintiffs' Motion for Reconsideration and Leave to Amend (Doc. 51) and Motion to Supplement (Doc. 60) are DENIED.[11]

IT IS SO ORDERED.

Dated: March 14, 2025          /s/ Holly L. Teeter
                               HOLLY L. TEETER
                               UNITED STATES DISTRICT JUDGE

---

[11] Plaintiffs filed a motion to supplement their motion for reconsideration. Doc. 60. The motion to supplement sought to highlight an additional fact about Mayfield to support reinstatement of certain claims against him. That fact does not change the analysis on the underlying motion to reconsider, and the motion to supplement is thus denied.