## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RUTH C. HERBEL, and<br>RONALD D. HERBEL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MARION, KANSAS,<br>GIDEON CODY, and<br>ZACHARIAH HUDLIN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  Case No. 24-2224-HLT-GEB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

This matter comes before the Court on Defendants' Oral Motion to Compel **(ECF No. 86)** further response to their First Request for Interrogatories to Ruth Herbel, First Request for Interrogatories to Ronald Herbel, First Request for Production to Ruth Herbel, and First Request for Production to Ronald Herbel. As further set forth below, Defendants' Oral Motion to Compel is **GRANTED in part and DENIED in part**.

The Court held a discovery conference in this matter on July 27, 2026. Plaintiffs were represented by counsel, Tate Cooper, Maxwell Kautsch, Benjamin Fields, and Jared McClain. Defendants were represented by counsel, Scott Ufford and Jennifer Hill. Counsel for Eric Meyer and The Hoch Publishing Co., Inc. joined the conference as well. During the conference, Defendants' raised their oral motion to compel. After reviewing the parties' joint position statement, the discovery at issue, the parties' conferral correspondence, and

1

the relevant Federal Rules of Civil Procedure and caselaw, further having heard the arguments of counsel, the Court ordered the following:

Interrogatory No. 1 to Ruth and Ronald Herbel

- The social security number for Mrs. Herbel has previously been provided. The Court overrules Mr. Herbel's objections based on relevance and proportionality. Mr. Herbel shall produce his social security number, under the Protective Order by the close of business today.
- The Court sustains Mr. and Mrs. Herbel's relevance objection to providing their driver's license numbers. No further response is required.

Interrogatory No. 2 to Ruth Herbel

- The Court overrules Mrs. Herbel's objection regarding the proportionality of the request for information regarding her educational background. However, the Court finds that for the purposes here, the interrogatory is not relevant to Mrs. Herbel's § 1983 claims or for any damages she seeks herein. However, Defendants may inquire regarding Mrs. Herbel's general educational background during her deposition.

Interrogatory No. 12 to Ruth Herbel/Interrogatory No. 9 to Ronald Herbel

- The Court finds the Interrogatory as written requires the equivalent of a narrative of all claims in the Herbels' Complaint where it seeks a litany of information for each instance in which the Herbels contend Defendants violated their civil rights in violation of 42 U.S.C. § 1983 including identification of all individual involved, all actions taken in response, identifying all individuals who have material information, and seeks a summary of the material information each such person may have. The Court sustains the Herbel's objection this contention interrogatory is overly broad and unduly burdensome. The Court encourages the parties to confer regarding how to narrow the Interrogatory but holds that no further response is required to this Interrogatory as written.

Request for Production No. 3 to Ruth and Ronald Herbel

- The Request as written seeks information both relevant and irrelevant information. The Court directs the Request to be narrowed to only seek copies of all documents relied upon in answering any interrogatory. As revised, the Court overrules the Herbels' relevance objection. Defendants shall serve the revised Request no later than July 31, 2026 and Plaintiffs shall respond and produce any additional documents no later than August 14, 2026.

Request for Production No. 24 to Ruth Herbel

- Where the archive of the Facebook account data requested has already been prepared for preservation purposes, the Court overrules Mrs. Herbel's objections regarding the request being overly broad, disproportionate, and unduly burdensome. Additionally, the Court finds the information sought is relevant to the case. Counsel confirmed Mrs. Herbel's Facebook page is public. Therefore, any posts are available for anyone to view. This information should not be designated as Confidential Information. However, the Court is convinced her communications with others may need to be designated as Attorneys Eyes Only. The Unified Protective Order in the consolidated case (23-1179 ECF No. 55) does not include a provision for documents to be produced as Attorneys' Eyes Only. Counsel in this case shall confer with all counsel in the consolidated case regarding the addition of an Attorneys' Eyes Only provision to the Unified Protective Order. Counsel shall submit an agreed Amended Unified Protective Order to the undersigned's chambers no later than August 10, 2026. Plaintiffs shall produce the archived account data, with communications designated as Attorneys' Eyes Only, as appropriate, by August 17, 2026.

Request for Production No. 50 to Ruth Herbel and Request for Production No. 20 to Ronald Herbel

- Authorization for Educational Records to Ruth Herbel - similar to its ruling on Interrogatory No. 2, the Court sustains Mrs. Herbel's relevance objection to this Authorization. Mrs. Herbel is not required to execute the Authorization.
- Authorization for Disclosure of Protected Health Information ("PHI") – the Court overrules Mr. and Mrs. Herbel's relevance objection. They shall each fully execute this Authorization and return it to defense counsel no later than August 3, 2026.
- Health Insurance Authorization – as discussed this Authorization to Mr. and Mrs. Herbel contains boilerplate language which requests information not relevant to their claims or damages sought in this matter. The Court sustains their relevance objection. Mr. and Mrs. Herbel are not required to execute the Authorization.
- Request for Copy of Tax Return – the Court finds Mr. and Mrs. Herbel's tax returns are not relevant to their claim for pecuniary damages. Mr. and Mrs. Herbel are not required to execute this Request.
- Consent for Release of Information from Social Security Administration – the Court sustains the Herbels' relevance objection to the requests for information regarding Social Security benefits, Supplemental Security Income payments, and Medicare entitlement. The Court finds the request for "complete medical records" overly broad as there is no limit of temporal scope. However, the Court overrules the relevance objection regarding medical records from January 1, 2022 to December 31, 2026. Defendants shall provide Plaintiff's counsel with a revised Consent for each by the close of business on July 28, 2026 and the Herbels shall fully execute the Consent and return it to defense counsel no later than August 3, 2026.

IT IS SO ORDERED.

Dated this 27th day of July, 2026.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
U.S. Magistrate Judge
